Disney,
dissenting: I must dissent. If this was a transfer for less than full and adequate consideration it was fro tanto a gift. Sec. 503, Revenue Act of 1932. Assuming, without holding, that the discharge of a legal obligation would be such consideration, there is nothing in this procéeding which justifies the assumption that any legal obligation of the incompetent was commensurate with the payments in question. I do not believe that section 206 of the California Civil Code should be construed to require the father or mother of an adult child, not physically nor mentally incompetent, to maintain such child to an extent fully commensurate with the financial ability of the parent. I think the statute means that such parent should provide the' reasonable necessities, if he is able and to the extent that he is able, but not that he should do more and supply luxuries or beyond the point of necessities merely because he is financially able so to do. Other California statutes, I think, indicate this to be sound construction, for Act 5814, California Criminal Code, provides that a parent is liable for the support of a poor person to the amount determined upon by the supervisors of the poor and for clothes and other supplies furnished such poor person; while ¶ 270, page 176, of the California Criminal Code makes a father guilty of misdemeanor for failure to supply “necessary food, clothing, shelter or medical attendance”, for a minor child. Therefore, I think it is not only out of line with the general law upon the subject, but out of line with the California law, to hold as the majority opinion holds that a parent must maintain adult children, not physically nor mentally incapacitated, upon a scale of living measured by the wealth of the parent, even though such scale is far beyond ordinary necessities. Furthermore, it seems to me that the statute construed by the California Probate Court was section 1502, California Probate Code, and that therefore the decision of the court is of no further or broader effect and is not binding upon us under the principles of Freuler v. Helvering, 291 U. S. 35.
Offer agrees with this dissent.